UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK ___X

JAMES L. KAPSIS,

                Plaintiff,

-against-

MICHAEL PERAGINE and FRANK McKAY,

                Defendants.
_____X

08-CV-1123
(SJF)(WDW)

**OPINION & ORDER**

FEUERSTEIN, J.

    Plaintiff James L. Kapsis ("Plaintiff") commenced this action against defendants Michael Peragine and Frank McKay (collectively, "Defendants") in the Supreme Court of the State of New York, County of Nassau, bearing index no. 13623/02 (the state court action), on October 2, 2002, alleging claims for, *inter alia*, defamation based on the alleged publication of a letter of August 7, 2002. (Notice of Removal ¶¶ 7-8). On March 18, 2008, plaintiff filed a Notice of Removal to remove the state court action to this Court on the basis, *inter alia*, that the state court allegedly committed various due process and civil rights violations and that the state court's jurisdiction was void *ab initio*. (Notice of Removal ¶¶ 8-10). On April 5, 2008, defendant moved pursuant to 28 U.S.C. § 1447 to remand this action to state court and for costs and attorney's fees. Thereafter, plaintiff move to amend his complaint. For the reasons set forth below, defendant's motion is granted and plaintiff's motion is denied without prejudice to renewal in the state court.

1

I.   BACKGROUND

On October 2, 2002, plaintiff commenced this action in the Supreme Court of the State of New York, County of Nassau, alleging claims for, *inter alia*, declaratory relief, defamation and slander. (Notice of Removal ¶¶ 7-8). Thereafter, defendant moved in the state court to dismiss the action and for attorneys' fees. (Affirmation of I. Leonard Feigenbaum [Feigenbaum Aff.], p. 2). On July 28, 2005, judgment was entered in the state court action dismissing the action and awarding defendant attorneys' fees in the amount of twenty-four thousand five hundred thirty-one dollars and fifty-two cents ($24,531.52). (Id.). Plaintiff's appeal of the judgment was dismissed by the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department on April 6, 2006. (Id.).

In October 2007, plaintiff moved in the state court action to vacate the judgment and defendant cross-moved for costs and sanctions. (Feigenbaum Aff., p. 2). The state court denied plaintiff's motion and granted defendant's motion to the extent of scheduling a hearing on March 11, 2008 to determine the amount of costs and sanctions. (Id.). Prior to the hearing, by Decision and Order dated February 19, 2008, the Appellate Division, Second Judicial Department, denied plaintiff's motion to stay the judgment and dismissed his appeal of the order denying his motion to vacate the judgment. (Id.).

On March 18, 2008, plaintiff filed a Notice of Removal to remove the state court action to this Court on the basis, *inter alia*, that the state court allegedly committed various due process and civil rights violations and that the state court's jurisdiction was void *ab initio*. (Notice of Removal ¶¶ 8-10).

2

## II. DISCUSSION

### A. Removal Jurisdiction

The removal statute, 28 U.S.C. § 1441, provides, in relevant part, that a civil action filed in state court "may be removed by the defendant or defendants" to federal district court if the district court has original subject matter jurisdiction over the plaintiff's claim. See also Lupo v. Human Affairs International, Inc., 28 F.3d 269, 271 (2d Cir. 1994). Similarly, 28 U.S.C. § 1446(a), sets forth the procedure for removal to be followed by "[a] defendant or defendants desiring to remove any civil action * * * from a State court" to a federal court.

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." James v. Gardner, No. CIVA04CIV1380, 2004 WL 2624004, at * 1 (E.D.N.Y. Nov. 10, 2004) (citing In re NASDAQ Market Makers Antitrust Litigation, 929 F.Supp. 174, 178 (S.D.N.Y. 1996). The burden of proving the Court's removal jurisdiction rests upon the party asserting jurisdiction. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

It is axiomatic that only defendants, not plaintiffs, may remove an action from state court to federal court. See Gehm v. New York Life Ins. Co., 992 F.Supp. 209, 210 (E.D.N.Y. 1998) (citing cases); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 105, 61 S.Ct. 868. 85 L.Ed.2d 1214 (1941) (holding that the removal privilege is limited to defendants only). Thus, regardless of whether plaintiff's notice of removal invokes a federal question, the fact of the matter remains that plaintiff filed his complaint for defamation under state law and in state court and there is no basis in law for plaintiff's attempt to remove this action to federal court five (5)

3

years later. Accordingly, defendants' motion to remand is granted and this action is remanded to the Supreme Court of the State of New York, County of Nassau.

B.     Attorney's Fees on Motion

This Court has discretion under 28 U.S.C. § 1447(c) to award costs and expenses, including reasonable attorney's fees, incurred as a result of the improper removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 709, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. 546 U.S. 132, 126 S.Ct. at 711.

Under the facts of this case, it does not appear that plaintiff had an objectively reasonable basis to seek removal to this Court as, *inter alia*, the statutory language and case law is clear that only defendants may remove a state court civil action to federal court. Accordingly, the branch of defendant's motion which seeks costs and attorney's fees on the motion to remand is granted. Defendant's counsel, I. Leonard Feigenbaum, has been admitted to practice law for almost forty-nine (49) years, although he mostly practices in state court, and avers that he incurred approximately (8) hours as a result of plaintiff's improper removal of this action, which seems reasonable. See, e.g. Greenidge v. Mundo Shipping Corp., 60 F.Supp.2d 10, 13 (E.D.N.Y. 1999) (finding 23.25 partner hours and ten associate hours to be reimbursable on a remand motion); Mattice v. ITT Hartford Ins. Group, 837 F.Supp. 499, 501 (N.D.N.Y. 1993) (finding thirteen point nine hours to be reimbursable on a remand motion); Children's Village v. Greenburgh Eleven Teachers' Union Fed. Of Teachers, Local 1532, 867 F.Supp. 245, 248 (S.D.N.Y. 1994)

4

(awarding five thousand dollars ($5,000.00) in attorneys' fees for improvident removal).

Mr. Feigenbaum also avers that he usually bills at a rate of three hundred dollars ($300.00) per hour. A reasonable rate for attorneys' fees is "one in-line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Greenidge v. Mundo Shipping Corp., 60 F.Supp.2d 10, 12 (E.D.N.Y. 1999) (citing Blum v. Stenson, 465 U.S. 886, 895, n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). Generally, the "community" to which the court must look is the district in which it sits. Lukaszuk v. Sudeen, No. CV-02-5143, 2007 WL 4699018, at * 12 (E.D.N.Y. Nov. 27, 2007); Cioffi v. New York Community Bank, 465 F.Supp.2d 202, 218 (E.D.N.Y. 2006). A hearing is not necessary to determine the appropriate fee amount when the amount can be ascertained from the record. See, Greenidge, 60 F.Supp.2d at 13.

Almost a decade ago, in 1998, the Second Circuit held that reasonable rates for legal services in this district were two hundred dollars ($200.00) for partners, one hundred thirty-five dollars ($135.00) for associates, and fifty dollars ($50.00) for paralegals. Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998). More recently, courts in this district have held reasonable rates for legal services by a solo practitioner, such as Mr. Feigenbaum, to be between two hundred dollars ($200.00) to two hundred fifty dollars ($250.00). See, e.g. Lukaszuk, 2007 WL 4699018, at * 12 (fixing the hourly rate for a solo practitioner at two hundred fifty dollars ($250.00)); Cioffi, 465 F.Supp.2d at 219 (fixing the hourly rate for a solo practitioner at two hundred fifty dollars ($250.00)); Louima v. City of New York, No. 98 Civ. 5083, 2004 WL 2359943, at *8-*9 (E.D.N.Y. Oct. 5, 2004) (fixing the hourly rate for a solo practitioner at two hundred dollars ($200.00)). Accordingly, after considering the circumstances of this case and

Mr. Feigenbaum's experience, I find an hourly rate of two hundred fifty dollars ($250.00) to be reasonable. Accordingly, Mr. Feigenbaum is awarded attorneys' fees in the amount of two thousand dollars ($2,000.00).

C. Plaintiff's Motion to Amend

In light of the determination that this action was improperly removed to this Court and the remand to state court, plaintiff's motion to amend the complaint is denied without prejudice to renewal in state court.

III. CONCLUSION

Defendant's motion is granted, this action is remanded to the Supreme Court of the State of New York, County of Nassau, and defendant is awarded attorneys' fees in the amount of two thousand dollars ($2,000.00). Plaintiff's motion to amend is denied without prejudice to renewal in state court. The clerk of the Court is directed to enter judgment in accordance with this order, to close this case and, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the clerk of the Supreme Court of the State of New York, County of Nassau.

SO ORDERED.

/SANDRA J. FEUERSTEIN/
United States District Judge

Dated: April 18, 2008
Central Islip, New York

Copies to:

James L. Kapsis, *pro se*
14 Ridge Road
Albertson, New York 11507

I. Leonard Feigenbaum, Esq.
1670 Old Country Road, Suite 224
Plainview, New York 11803